UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOMINGOS LUGAO PETROCELI,

                      Plaintiff,

      -against-

VARENGOLD,

                      Defendant.

21-CV-1212 (CM)

ORDER

---

COLLEEN McMAHON, United States District Judge:

      Plaintiff brings this action *pro se*. On February 2, 2021, the Court received from Plaintiff the complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. Because Plaintiff failed to answer most of the questions on the IFP application, the Court was unable to determine whether Plaintiff has sufficient assets to pay the filing fees. By order dated March 8, 2021, the Court directed Plaintiff, within thirty days of the date of the order, to either pay the $402.00 in fees or submit an amended IFP application providing facts to establish that he is unable to pay the filing fees. That order further stated that if Plaintiff failed to comply with the order within the time allowed, the Court would dismiss the action. Plaintiff did not comply with the Court's March 8, 2021 order, and on May 4, 2021, the Court dismissed the action without prejudice for Plaintiff's failure to submit an amended IFP application or pay the filing fees.[1] *See* 28 U.S.C. §§ 1914, 1915.

      On July 21, 2021, Plaintiff filed a notice of appeal (ECF 9), a motion for an extension of time to file a notice of appeal (ECF 7), and a motion for leave to proceed IFP on appeal (ECF 8).

---

[1] Because the Court dismissed the action without prejudice, nothing in the order of dismissal prevents Plaintiff from simply refiling his complaint, together with a complete IFP application or the filing fees.

In his motion for an extension to file a notice of appeal, Plaintiff states that he did not file a timely notice of appeal because: "I was disrespected by the court, I was not informed of the opening of the case. I did not receive the docket number, I did not receive copies of the process, I was not notified by the case clerk." (ECF 7, at 1.)

For the following reasons, the Court construes Plaintiff's request for an extension of time to file a notice of appeal as a motion to reopen the time to file an appeal and grants the motion.

## DISCUSSION

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days after entry of the judgment or order appealed from. A district court may grant a limited extension of time to file a notice of appeal if: (1) a party moves for the extension no later than thirty days after the time prescribed by Rule 4(a) expires; and (2) the moving party establishes excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

Because Plaintiff's motion was not filed within sixty days after the entry of judgment, the Court does not have authority under Rule 4(a)(1)(A) to extend the time to appeal. *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (holding that district court had no authority to consider *pro se* motion under Fed. R. App. P. 4(a)(5) filed over thirty days after expiration of initial appeal period). But the Court can construe Plaintiff's motion as a motion to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). *See Cordon v. Greiner*, 274 F. Supp. 2d 434, 439 (S.D.N.Y. 2003) ("Where a *pro se* litigant submits a late notice of appeal and alleges that he did not receive notice of the entry of the judgment or order from which he seeks to appeal within 21 days of its entry, that notice should be treated as a motion to reopen the time to file an appeal in accordance with Rule 4(a)(6) of the Federal Rules of Appellate Procedure.").

Rule 4(a)(6) of the Federal Rules of Appellate Procedure permits a district court to reopen the time to file an appeal for a period of 14 days if three conditions are satisfied. First, the court

must find that "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(a). A party receives notice under Rule 4(a)(6) when the document arrives at the litigant's address, not when it is properly served by the Clerk of Court under Rule 77(d) and Rule 5(b). *Commc'n Network Int'l, Ltd. v. MCI WorldCom Commc'ns., Inc.,* 708 F.3d 327, 333-34 (2d Cir. 2013) ("Rule 4(a)(6) was 'designed to allow a district judge to reopen the time for appeal if notice of the judgment does not arrive—whether the fault lies with the clerk or the Postal Service' and a holding that service equals receipt 'would prevent the rule from serving that function.'"). Second, the motion to reopen "must be filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B). Finally, the Court must find that "no party would be prejudiced." Fed. R. App. P. 4(a)(6)(C). The Advisory Committee Notes for Rule 4 define "prejudice" for the purposes of Rule 4(a)(6) as "some adverse consequences other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal." Advisory Committee Notes to 1991 Amendments to Federal Rules of Appellate Procedure, Fed. R. App. P. 4(a)(6).

Here, it appears that the three conditions have been met. Plaintiff asserts, "I was not informed of the opening of the case. I did not receive the docket number, I did not receive copies of the process, I was not notified by the case clerk." (ECF 7, at 1.) The Court understands this to mean that Plaintiff did not receive the Court's May 4, 2021 order and judgment. Plaintiff's motion and notice of appeal were filed within 180 days of the judgment, and it does not appear that any party would be prejudiced by the Court's decision to grant Plaintiff's motion. Accordingly, Plaintiff's motion for an extension of time to appeal is granted.

**CONCLUSION**

Plaintiff's motion for an extension of time to appeal (ECF 7), construed as a motion to reopen the time to appeal, is granted. The Clerk of Court is directed to process Plaintiff's notice of appeal (ECF 9) in accordance with the procedures of the Clerk's Office.

Plaintiff's application to proceed IFP on appeal (ECF 8) is denied. (*See* ECF 5 (denying IFP status for the purpose of appeal)).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 13, 2021
         New York, New York

_____
COLLEEN McMAHON
United States District Judge