UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINGOS LUGAO PETROCELI,

                Plaintiff,

      -against-

VARENGOLD,

                Defendant.

21-CV-1212 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff is proceeding *pro se*. On February 8, 2021, he filed a document styled as a "Petition for Compensatory Damages" against Defendant Varengold, in which Plaintiff sought 1,116,000 Euros from Defendant due to

> financial fraud, currency pair EURUSE prices manipulation, violation client term, violation Brazilian consumer code, violation Brazilian civil code, violation Brazilian penal code, bribes schemes for FBI (Federal Bureau Investigation), homicide attempts with payments for rental killers, brokers abuses, multiple discriminatory treatment, negligence or delay in solutions, multiple moral damages during 7 years and months.

(ECF 1, at 1.) The Clerk of Court opened Plaintiff's submission as a new civil action.

    Plaintiff submitted an application to proceed *in forma pauperis* ("IFP"), but because Plaintiff failed to answer most of the questions on the application, by order dated March 8, 2021, then-Chief Judge Colleen McMahon directed Plaintiff, within thirty days, to either pay the $402.00 in fees required to bring an action in this Court or submit an amended IFP application.[1] (ECF 4.) Plaintiff failed to respond to the Court's order, and by order dated May 4, 2021, Judge McMahon dismissed the complaint without prejudice for failure to pay the fees or file an amended IFP application; judgment was entered on the same day. (ECF 5, 6.)

---

[1] Copies of all documents were mailed to Plaintiff's address of record. Plaintiff has not consented to receive electronic service of notice and documents in this action.

On July 21, 2021, more than two months after the judgment was entered, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit, a motion for an extension of time to file a notice of appeal, and an application to proceed IFP on appeal. (ECF 7, 8, 9.) The Clerk's Office transmitted the notice of appeal, a certified copy of the docket sheet, and the appeal record to the Court of Appeals on the same day. On August 13, 2021, Judge McMahon construed Plaintiff's motion for an extension of time to appeal as a motion to reopen the time to appeal, and granted the motion. (ECF 10.)

On September 30, 2021, Plaintiff filed a submission in this action that included the following case caption: NOTICE OF APPEAL AGAINST JUDGE ORDER v. Clerk Office U.S. District Court, Southern District of New York (Foley Square) and Federal Judge Colleen MacMahon , CIVIL DOCKET CASE 1:21-CV-01212-CM "'Petroceli v. Varengold[.]'" (ECF 11.) Plaintiff labels the document "NOTICE OF APPEAL AGAINST JUDGE ORDER IN CIVIL DOCKET CASE 1:21-cv-01212-CM 'PETROCELI v. VARENGOLD[.]'" (*Id.* at 2.) Plaintiff lists himself as the "victim" and lists the "Defendant" as "CLERK OFFICE U.S. District Court Southern District of New York (Foley Square) and Federal Judge COLLEEN MCMAHON." (Id.) The submission has been docketed as a motion for reconsideration.

In his submission, Plaintiff challenges the Court's May 4, 2021 order of dismissal. Specifically, Plaintiff alleges that the Court failed to notify him that his case was opened, did not provide him with a docket number, and failed to inform him that there were additional "documents to be filled out." (*Id*.) Plaintiff also challenges the Court's order directing him to file an amended IFP application and its denial of his application requesting *pro bono* counsel.

Plaintiff now requests that the Court: (1) reopen his case; (2) grant his IFP application; (3) appoint him *pro bono* counsel; and (4) issue "a speedy judgment to sentence Varengold Bank

AG with a penalty of default for payment of pecuniary damages, non-pecuniary damages, Violation Consumer Law, Violation Civil Law and Violation Criminal Law." (*Id.* at 4.)

On October 1, 2021, the case was reassigned to my docket.

The Court liberally construes Plaintiff's September 30, 2021 submission as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend judgment and as a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Federal Rule of Civil Procedure 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms." (citations omitted)).

## DISCUSSION

### A. Effect of pending appeal

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Fed. R. App. P. 4(a)(4)(A) provides that a district court has jurisdiction to rule on a motion under Fed. R. Civ. P. 59 or 60 after a notice of appeal has been filed, but only if the motion is filed within 28 days after the entry of judgment. As Plaintiff's motion was filed more than 28 days after the entry of judgment, and Plaintiff's appeal remains pending in the Second Circuit, the Court does not have jurisdiction under Fed. R. App. P. 4(a)(4)(A) to rule on Plaintiff's motion.

Fed. R. Civ. P. 62.1, however, permits the Court to treat Plaintiff's motion as a request for an indicative ruling. Rule 62.1 provides district courts with several options when "a *timely* motion is made for relief that the court lacks authority to grant because of an appeal that has been

docketed and is pending." Fed R. Civ. P. 62.1 (emphasis added); *see also Toliver v. Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992). Under Rule. 62.1(a), a district court may defer consideration of or deny the motion, or it may indicate that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a). Here, to the extent allowed by Rule 62.1, the Court will consider Plaintiff's request for relief.

### B. Motion for reconsideration

#### 1. Motion under Rule 59

The Court construes Plaintiff's submission as seeking relief under both Rules 59 and 60 of the Federal Rules of Civil Procedure. A motion for relief under Rule 59 must be brought within 28 days of the date of the entry of the judgment being challenged. Fed. R. Civ. P. 59; *see also* Local Civil Rule 6.3. The applicable period for Plaintiff to seek relief under Rule 59 expired on or about June 2, 2021 – 28 days after the judgment dismissing this action was entered. As noted above, the Court received Plaintiff's motion on September 30, 2021, more than 28 days after the entry of judgment. As Plaintiff filed his motion after the period to seek relief under Rule 59 had expired, the Court lacks jurisdiction to grant him the requested relief. *See* Fed. R. App. 4(a)(4)(A); Fed. R. Civ. P. 62.1(a).

#### 2. Motion under Rule 60

Plaintiff's request for relief under Rule 60, however, was timely because it was filed within a reasonable time not later than one year after judgment was entered. *See* Fed. R. Civ. P. 60(c)(1). Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

4

>intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Rule 60(b)(6) may be invoked when a motion demonstrates there are extraordinary circumstances present so as "to make relief necessary in the interest of justice." *Federal Deposit Ins. Corp. v. Sarandon,* 763 F. Supp. 757, 760 (S.D.N.Y.1991) (quoting *Klapprott v. United States,* 335 U.S. 601, 614–15 (1949)). The Court dismissed the complaint because Plaintiff did not submit a complete IFP application, and then failed to respond to the Court's March 8, 2021 order directing him to either pay the fees or submit a completed amended IFP application demonstrating his inability to pay the fees. Rather than submitting a completed amended IFP application, Plaintiff appealed the Court's decision and then filed this motion alleging that he was not notified that his case was opened or provided a docket number. Liberally construed, however, Plaintiff's motion suggests that he may not have received the Court's March 8, 2021 order before the case was dismissed on May 4, 2021. Plaintiff also appears to attempt to cure the deficiencies in his IFP application by alleging that he is "poor, broke and cannot afford to pay this fee." (ECF 11, at 3.) [2]

---

[2] On July 21, 2021, along with his notice of appeal, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis on Appeal. (ECF 8.) In that application, Plaintiff alleges that he has "been running for 5 years from the FBI and Brazilian Police" and that his "house is surrounded by a militia organized by corrupt police offers who received kickbacks or bribes from Varengold Bank AG." (*Id.* at 2.) Plaintiff appears to allege that he receives $130.00 a month from "self-employment" and that he receives $165.00 per month from his mother to buy food. (*Id.*) He also alleges that the "U.S. Federal Government of NY" owes him $25,000,000.00; "FBI Buffalo Division Agents" owe him $20,000.00; and "IronFX or Notesco Limited" owes him $6,383.84.

In light of Plaintiff's *pro se* status, the Court construes Plaintiff's motion as alleging that if he had received the Court's March 8, 2021 order, he would have responded by filing a completed amended IFP application alleging facts demonstrating that he cannot afford the filing fees. To the extent Plaintiff's motion also seeks leave to file an amended IFP application, the Court would grant such a motion. The Court therefore states pursuant to Fed. R. Civ. P. 62.1(a)(3), if the United States Court of Appeals for the Second Circuit restored jurisdiction of this action to the Court, and if Plaintiff filed a complete and accurate IFP application demonstrating that he cannot afford the filing fees, the Court would reopen the action and grant Plaintiff's IFP application. The Court would then review the complaint to determine whether it should be dismissed (with or without leave to amend) or assigned to a judge of the Court for further proceedings.

## CONCLUSION

Plaintiff is directed to inform the United States Court of Appeals for the Second Circuit of this order pursuant to Fed. R. App. P. 12.1. Fed. R. Civ. P. 62.1(b).

The Clerk of Court is also directed to deliver a copy of this order to the Clerk of the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

If Plaintiff wishes to receive electronic service of notices and documents in this action, he must complete and submit the Court's Consent to Electronic Service form. A copy of that form is attached to this order.

---

(*Id.* at 5.)

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   October 22, 2021
        New York, New York

                                    /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                         Chief United States District Judge