UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOMINGOS LUGAO PETROCELI,

                Plaintiff,

      -against-

VARENGOLD,

                Defendant.

21-CV-1212 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. On May 4, 2021, former Chief Judge Colleen McMahon dismissed the complaint without prejudice for Plaintiff's failure to submit an amended application to proceed *in forma pauperis* (IFP) or to pay the $402.00 in fees required to bring a civil action in this court. (ECF 5.) On July 21, 2021, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Second Circuit, a motion for an extension of time to file a notice of appeal, and an application to proceed IFP on appeal. (ECF 7, 8, 9.) On August 13, 2021, Judge McMahon construed Plaintiff's motion for an extension of time to appeal as a motion to reopen the time to appeal, and granted the motion. (ECF 10.)

      On September 30, 2021, Plaintiff filed a submission in this court in which he requested that the Court: (1) reopen his case; (2) grant his IFP application; (3) appoint him *pro bono* counsel; and (4) issue "a speedy judgment to sentence Varengold Bank AG with a penalty of default for payment of pecuniary damages, non-pecuniary damages, Violation Consumer Laws, Violation Civil Law and Violation Criminal Law." (ECF 11, at 4.) On October 1, 2021, the case was reassigned to my docket. By order dated October 22, 2021, the Court construed the submission as a motion under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment and as a motion under Local Civil Rile 6.3 for reconsideration, and, in the alternative,

as a motion under Federal Rule of Civil Procedure 60(b) for relief from a judgment or order. (ECF 12.) Because Plaintiff's motion was filed more than 28 days after entry of judgment and Plaintiff's appeal was pending, the Court determined that it did not have jurisdiction under Fed. R. App. P. 4(a)(4)(A) to rule on Plaintiff's motion. The Court stated pursuant to Fed. R. Civ. P. 62.1(a)(3) that, if the United States Court of Appeals for the Second Circuit restored jurisdiction of the action to the Court, and if Plaintiff filed a completed and accurate IFP application demonstrating that he cannot afford the filing fees, the Court would reopen the action and grant Plaintiff's IFP application. The Court would then review the complaint to determine whether it should be dismissed (with or without leave to amend) or assigned to a judge of the Court for further proceedings. By Mandate issued November 12, 2021, the Court of Appeals dismissed the appeal for Plaintiff's failure to pay the appeal fees or file an IFP application, therefore restoring jurisdiction over the action to this Court. (*See* ECF 13.)

Now that jurisdiction has been restored to this Court, the Court denies Plaintiff's September 30, 2021, motion for reconsideration. As the Court stated in its October 22, 2021, order, the Court would only grant Plaintiff's motion for reconsideration if Plaintiff filed a complete and accurate IFP application demonstrating that he is unable to pay the filing fees. Plaintiff has not filed an IFP application. The Court therefore denies Plaintiff's request for reconsideration. (ECF 11.)

## CONCLUSION

The Court denies Plaintiff's motion for reconsideration. (ECF 11.)

Plaintiff's case in this Court under Docket No. 21-CV-1212 is closed. The Court will only accept for filing documents that are directed to the Second Circuit Court of Appeals. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: February 7, 2022
New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge